IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JACKSON**, | : | **CIVIL ACTION NO. 1:10-CV-2639** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **T.R. SNIEZEK**, et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff commenced this action on December 27, 2010, naming as defendants the Federal Bureau of Prisons ("BOP"), T. R. Sniezek ("Sniezek"), Ellen Falzini ("Falzini"), Kenton Hubble (Hubble"), David N. Steffan ("Steffan"), Marye Wambach ("Wambach"), Joseph Zagame ("Zagame"), Kevin Vincenzes ("Vincenzes"). (Doc. 1.) Presently pending is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) filed on behalf of the United States.[1] For the reasons set forth below, the BOP's motion will be denied without prejudice and plaintiff's counsel will be afforded until September 4, 2012, to amend his server's affidavit to demonstrate proof of service on the BOP. The motion will be granted with respect to the individual defendants.

---

[1] According to footnote 1 in the motion, the motion was filed on behalf of the United States because service of process has not been effected upon the individually-named defendants. (Doc. 20, at 1, n 1.)

**I.      Procedural History Regarding Service of Process**

Plaintiff's complaint was filed on December 27, 2010. (Doc. 1.) On May 10, 2011, the Court issued an Order notifying plaintiff and his counsel that the 120-day period for service had expired and that failure to effect service by May 27, 2011, would result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 9.) On May 11, 2011, plaintiff's counsel advised the Court *via* letter that because plaintiff was proceeding in forma pauperis, he expected service to be completed by the United States Marshal's Service. (Doc. 10.) On May 12, 2011, the Court issued an Order directing the Clerk of Court to prepare and forward summonses to plaintiff's counsel for service on all defendants and directing counsel to effect service forthwith. (Doc. 11.)

On June 6, 2011, plaintiff's counsel filed summonses returned executed by his process server indicating summonses for all defendants were given to David Paul at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") on June 3, 2011. (Docs. 12-19.) According to plaintiff's counsel, the process server was only able to leave the service packets at the front gate of the prison. (Doc. 22, at 3.) However, defendants Sniezek, Falzini, and Hubble were no longer employed by the BOP on that date, and defendant Wambach was, and still is, on an extended medical leave. (Doc. 21, at 6.)

Thereafter, plaintiff's counsel requested new summonses be issued. (Doc. 22, at 3.) According to the docket sheet, summonses were reissued on June 23, 2011,

and July 25, 2011.[2]  Plaintiff's counsel represents that he then delivered the summonses to a "second experienced and qualified process server – American Expediting of Allentown."  (Doc.22, at 3.)  "American Expediting attempt [sic] to complete service but was advised on such attempt by the Bureau of Prisons that process could only be served by an individual who had taken a prescribed but unidentified course from the Bureau of Prisons, or, by a state sheriff."  (Id. at 3-4.)  Counsel for the government indicates that "[u]pon inquiry, BOP legal counsel confirmed that there is no such requirement and neither the legal department at the institution nor the BOP's Northeast Regional Office would ever give such information to anyone."  (Doc. 23, at 9.)

On June 29, 2011, plaintiff's counsel represents that he sent copies of the complaint and summonses by both regular and certified mail to the Civil Process Clerk of the United States Attorney for the Middle District of Pennsylvania, the Attorney General of the United States, the Central Office of the Bureau of Prisons, and the Regional Director of the Northeast Region of the Bureau of Prisons.  (Doc. 22, at 3, 7-10. )

On September 1, 2011, the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) was filed on behalf of the United States.

---

[2]Summonses were also issued on July 15, 2011, but incorrectly named the defendants.  Therefore, summonses were reissued on July 25, 2011.

**I.      Federal Rule of Civil Procedure 12(b)(5) Motion**

Federal Rule of Civil Procedure 12(b)(5) permits dismissal of a complaint when a plaintiff fails to effect service of process in a fashion compliant with Rule 4. Since "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case," Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996), it must first be determined whether the complaint was properly served.

Pursuant to Rule 4, a plaintiff must arrange for personal service of a summons and complaint upon each defendant unless the defendant waives service. See FED. R. CIV. P. 12(b)(5); 4(c)(1)(2); 4(d); 4(e)[3]. A plaintiff suing the United States, its agencies, corporations, officers or employees, must serve a copy of the summons and complaint upon the United States Attorney for the district where the action is brought by delivering the summons and complaint directly to the United States Attorney, to a properly designated employee of the United States Attorney, or by sending the summons and complaint *via* registered or certified mail to the civil process clerk at the United States Attorney's Office. FED. R. CIV. P. 4(i)(1)(A)(i). In

---

[3]Rule 4(e) establishes the means through which a plaintiff may perform personal service of process. The rule allows a plaintiff to serve the complaint in any manner authorized by the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In Pennsylvania, Rules 400–430 of the Pennsylvania Rules of Civil Procedure govern service of process. Rule 4(e) also allows the plaintiff to serve process by arranging for personal delivery, by leaving it with someone of suitable age at the defendant's home, or by delivering it to the defendant's authorized agent for service of process. Id.; R. 4(e)(2).

4

addition, the plaintiff must also serve the Attorney General of the United States by registered or certified mail. FED. R. CIV. P. 4(i)(1)(B). If the plaintiff is also suing individual officers or employees of the United States, whether they are sued individually or in their official capacities, the plaintiff "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." FED. R. CIV. P. 4(i)(4). The local rules of this Court require that "immediate service of process should be effected and an affidavit of such service shall be filed within fourteen (14) days thereafter." M.D. Pa. L.R. 4.1.

### A.     BOP

Plaintiff's counsel has failed to file proof of service with respect to the BOP. (Doc. 39, at 7.) Rule 4(l) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1). The rule further provides that "[f]ailure to prove service does not affect the validity of service. The court may permit proof of service to be amended." FED. R. CIV. P. 4(l)(2).

Attached to plaintiff's opposition brief are letters dated June 29, 2011, indicating that plaintiff served the U.S. Attorney for the Middle District of Pennsylvania and the Attorney General *via* certified mail. (Doc. 22, at 7-10.) Yet, he fails to demonstrate proof of service by filing a server's affidavit as required by the federal rules. Despite this deficiency, because Rule 4(l) is liberal with respect to

allowing proof of service to be amended, plaintiff's counsel will be afforded time to file a server's affidavit as required by Rule 4(l)(1).

### B. Individual Defendants

Plaintiff's counsel does not dispute that he failed to effect service on the individual defendants as required by Rule 4. Rather he first argues that "[t]here could in any event, be no question but that by this time, the Bureau and all defendants who remained in the employ of the Bureau had ample and repeated notice of the complaint and of the institution of this action. All that is required in any action is a reasonable good faith effort to complete service by placing a copy of the complaint with the "proximity" of a defendant such as by leaving the same where they would normally have access. Travelers Casualty and Surety Co. v. Brenneke, 551 F.3d 1132 (9th Cir. 2008)." (Doc. 22, at 4.)

Counsel is mistaken. It is first noted that Travelers is a Ninth Circuit case and is not binding precedent. Id. at 551 F.3d 1132. More importantly, as specifically stated in Travelers, "[s]ufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service." Id. at 1136. Simply leaving service packets at the front gate of a state correctional institution, where some, but not all, of the defendants are employed, does not constitute "immediate proximity." Nor is there any indication that defendants sought to evade service.

The above attempt at service, without more, is not a good faith effort to comply with the service requirements. Notably, even if there was evidence of good faith efforts to serve the individual defendants, which may have put them on notice of the legal action, the "absence of prejudice alone can never constitute good cause to excuse late service." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

Alternatively, he argues that under Rule 4(m), a party who has proceeded in good faith is entitled to appropriate extensions of time, even if no good cause is shown. (Doc. 22, at 4.) Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Plaintiff, the party responsible for effecting service, has the burden of proof to demonstrate validity of service. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

On May 10, 2011, after the expiration of the 120-day time period set forth in Rule 4(m), the Court notified counsel that the complaint was subject to dismissal and afforded him time to effect service. (Doc. 9.) After receiving correspondence from plaintiff's counsel (Doc. 10), explaining that he had not served the complaint because he expected service to be completed by the United States Marshal's

Service, the Court directed the Clerk of Court to prepare summons and ordered counsel to serve the summons forthwith. (Doc. 11.)

District courts conduct a two-part analysis when determining whether to extend the time for service of a summons and complaint. Boley v. Kaymark, 123 F.3d 756, 758 ( 3d Cir. 1997.) First, the district court must determine "whether good cause exists for a plaintiff's failure to effect timely service." Id. If good cause does not exist, the district court must then "consider whether to grant a discretionary extension of time." Id.

A showing of good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). For purposes of Rule 4(m), "good cause" has been defined as tantamount to "excusable neglect," under Federal Rule of Civil Procedure 6(b)(1)(B)[4], which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp., 71 F.3d at 1097. Inadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process. Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987). In determining good cause, courts have considered such factors as

---

[4]In MCI Telecomms. Corp., the rule is cited as FED. R. CIV. P. 6(b)(2). Id. at 1097. The rule permitting a court to extend time for "excusable neglect" now appears under subsection (b)(1) (B).

"(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." MCI Telecomms. Corp., 71 F.3d at 1097. Indeed, the "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." Boley, 123 F.3d at 758 (quoting MCI Telecomms. Corp., 71 F.3d at 1097).

On June 6, 2011, plaintiff's counsel filed summonses returned executed as to all of the named defendants, indicating that the service packets were left at the front gate of FCI-Schuylkill. (Docs. 12-19.) Beyond his initial explanation that he mistakenly believed that the United States Marshal's Service would effect service, plaintiff's counsel has offered no explanation as to why he was unable to comply with the requirements of Rule 4 with respect to the individual defendants. Nor did he move for an enlargement of time to serve. Even after counsel was put on notice of the government's efforts to have the case dismissed for lack of effective service, and being made aware that defendants Sniezek, Falzini, and Hubble were no longer employed by the BOP on that date, and defendant Wambach was, and still is, on an extended medical leave, other than requesting new summonses from the Clerk of Court, no further efforts were made to make proper service. Consequently, no good cause exists and a discretionary extension of the time is not appropriate. Defendant's motion to dismiss the complaint against defendants Sniezek, Falzini, Hubble, Steffan, Wambach, Zagame, and Vincenzes will be granted.

**III.**     **Conclusion**

Based on the foregoing, defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) will be conditionally denied in part and granted in part. Plaintiff's counsel will be afforded until September 4, 2012, to amend his server's affidavit in accordance with Federal Rule of Civil Procedure 4(l)(1) to establish proof of service on the BOP. The motion is granted with respect to defendants Sniezek, Falzini, Hubble, Steffan, Wambach, Zagame, and Vincenzes.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        August 23, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JACKSON,** | : | **CIVIL ACTION NO. 1:10-CV-2639** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **T.R. SNIEZEK, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of August, 2012, upon consideration of motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(5) on behalf of the United States (Doc. 20), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 20) is DENIED without prejudice with respect to the BOP.

2. Plaintiff's counsel shall FILE on or before September 4, 2012, a proper server's affidavit demonstrating proof of service on the BOP. FED. R. CIV. P. 4(l)(1).

3. Failure to comply with this order will result in granting the motion with respect to the BOP.

4. The motion is GRANTED with respect to defendants Sniezek, Falzini, Hubble, Steffan, Wambach, Zagame, and Vincenzes and the complaint against them is DISMISSED in its entirety.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge